# EXHIBIT 5

2020 WL 5359653
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

10E, LLC
v.
TRAVELERS INDEMNITY
CO. OF CONNECTICUT et al.

Case No. 2:20-cv-04418-SVW-AS
|
Filed 09/02/2020

**Attorneys and Law Firms**

[Benjamin Jared Meiselas](), [Mark John Geragos](), [Matthew Michael Hoesly](), Geragos and Geragos APC, Los Angeles, CA, [Harmeet K. Dhillon](), [Nitoj P. Singh](), Dhillon Law Group Inc., San Francisco, CA, for 10E, LLC.

[Deborah L. Stein](), [Theodore J. Boutrous, Jr.](), [Richard Joseph Doren](), Gibson Dunn and Crutcher LLP, Los Angeles, CA, [Stephen E. Goldman](), Pro Hac Vice, [Wystan M. Ackerman](), Pro Hac Vice, Robinson and Cole LLP, Hartford, CT, for Travelers Indemnity Co. of Connecticut et al.

**Proceedings:** AMENDED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [26] AND DENYING PLAINTIFF'S MOTION TO REMAND [24]

The Honorable [STEPHEN V. WILSON](), U.S. DISTRICT JUDGE

### I. Introduction

 ***1** On June 12, 2020, Plaintiff 10E, LLC ("10E") filed a motion to remand this case to state court. Dkt. 24. On June 26, 2020, Defendant Travelers Indemnity Co. of Connecticut ("Travelers" or "Defendant") filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC"). Dkt. 26. On August 28, 2020, this Court issued an Order that is now withdrawn and superseded by this Order. For the reasons explained below, the Court DENIES Plaintiff's motion to remand and GRANTS Defendant's motion to dismiss.

### II. Factual and Procedural Background

On April 10, 2020, Plaintiff, a restaurant in downtown Los Angeles, filed its initial complaint in Los Angeles Superior Court, naming as defendants Travelers and Mayor Eric Garcetti. Dkt. 1, Ex. A. On May 15, 2020, Travelers, which is incorporated and has its principal place of business in Connecticut, Dkt. 1, at 5, removed the case to this Court, arguing that Garcetti was fraudulently joined to defeat diversity jurisdiction, *id.* at 6-10.

On May 22, 2020, Defendant filed a motion to dismiss Plaintiff's initial complaint. Dkt. 14. On June 12, 2020, Plaintiff filed its FAC. Dkt. 22.[1] The FAC asserts claims for breach of contract, bad faith, and violation of [Cal. Bus. & Prof. Code § 17200 *et seq.*]() ("UCL"). *Id.* Plaintiff seeks both damages and declaratory relief. *Id.*

[1] The Court DENIES as moot Defendant's motion to dismiss Plaintiff's initial complaint. Dkt. 14.

According to the FAC, beginning on March 15, 2020, public health restrictions adopted by Mayor Garcetti prohibited in-person dining at Plaintiff's restaurant, limiting Plaintiff to offering takeout and delivery. Dkt. 22, at 5. Plaintiff alleges that these restrictions have caused a "complete and total shutdown" of its business. *Id.*

Plaintiff seeks compensation for lost business and other costs of the disruption under the Business Income and Extra Expense provisions of its insurance policy with Defendant ("the Policy"). *Id.* at 3. Plaintiff also seeks to recover under the Policy's Civil Authority provision. *Id.* at 3-4.

Defendant attached a copy of the Policy to its motion to dismiss. Dkt. 27-2, Ex. 1. The Policy covers business income lost when business operations are suspended from a covered cause of loss, but the "suspension must be caused by direct physical loss of or damage to property at the described premises." *Id.* at 108-09. Similarly, the Policy covers extra expenses incurred during a period of restoration that the insured "would not have incurred if there had been no direct physical loss of or damage to property." *Id.* at 109.

The Policy also covers losses and expenses "caused by action of civil authority that prohibits access to the described premises." *Id.* at 121. "The civil authority action must be due to direct physical loss of or damage to property at locations, other than described premises, that are within 100 miles of the described premises, caused by or resulting from a Covered Cause of Loss." *Id.*

The Policy contains an endorsement entitled, "EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA." *Id.* at 247. This

exclusion applies to "action of civil authority." *Id.* It reads as follows: "We will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." *Id.*

**\*2** Plaintiff alleges that it is entitled to recover under both provisions because physical loss or damage occurred at its restaurant and other nearby locations and because in-person dining restrictions prohibited access to its restaurant. *Id.* at 5. The restrictions caused "physical damage" by "labeling of the insured property as non-essential" and "prevent[ing] the ordinary intended use of the property." *Id.* Plaintiff also alleges that "[t]he only virus exclusion that relates in theory to a virus is not applicable here" and that the virus exclusion "does not include exclusion for a viral pandemic." *Id.* at 6-7.

Defendant filed its motion to dismiss Plaintiff's FAC on June 26, 2020. Dkt. 26. Plaintiff filed an opposition on August 10, 2020. Dkt. 33. Defendant filed its reply on August 17, 2020. Dkt. 36.

Plaintiff filed its motion to remand to state court on June 12, 2020. Dkt. 24. Defendant filed an opposition on June 29, 2020. Dkt. 29. Plaintiff filed its reply on August 17, 2020. Dkt. 35.

### III. Plaintiff's Motion to Remand to State Court

#### a. *Legal Standard*

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires both that the amount in controversy exceed \$75,000, and that complete diversity of citizenship exists between the parties.

Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. See *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of "every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Under the sham defendant doctrine, a defendant's citizenship should be disregarded for purposes of diversity jurisdiction when the defendant "cannot be liable on any theory." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted). "If there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (citation omitted) (italics in original). The defendant bears a "heavy burden" to overcome the "general presumption against [finding] fraudulent joinder." *Id.* (citation omitted).

#### b. *Analysis*

Defendant's removal is based on an argument that Mayor Garcetti, a citizen of California, was fraudulently joined to defeat diversity jurisdiction between Plaintiff, a citizen of California, and Defendant, a citizen of Connecticut. Dkt. 1, at 7-10. The Court agrees.

Plaintiff's only asserted claim against Garcetti is a standalone claim for declaratory relief. Dkt. 22, at 6-8. Plaintiff does not appear to argue that its FAC presently states a valid claim against Garcetti. Dkt. 24, at 2-3. Nor could it. Declaratory relief is not a standalone cause of action. *Mayen v. Bank of America N.A.*, 2015 WL 179541, at \*5 (internal citations omitted) (N.D. Cal. 2015) ("[D]eclaratory relief is not a standalone claim."); 28 U.S.C. § 2201(a) (a federal court may only award declaratory relief "[i]n a case of actual controversy within its jurisdiction").

**\*3** Plaintiff's failure to state a cause of action does not by itself establish that Garcetti was fraudulently joined. *See Grancare,* 889 F.3d at 549 ("[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent."). However, it does require the Court to find that Plaintiff could possibly amend its complaint to state a cause of action against Garcetti. *See id.* ("[T]he district court must consider ... whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").

The Court is unable to imagine how such an amendment is possible. Plaintiff argues that, because "the denial of [Defendant's] policy would not have occurred absent Mayor Garcetti's order, the propriety of Mayor Garcetti's order is a significant issue that needs to be resolved." Dkt. 22, at 6-8. However, Plaintiff neither articulates a ground for some future challenge to the legality of Garcetti's order nor explains how such a challenge could be raised in the context of this insurance dispute. While its burden to show fraudulent joinder is "heavy," *Grancare,* 889 F.3d at 548, Defendant has carried that burden here. The Court concludes that Garcetti was fraudulently joined and discounts his citizenship for purposes of assessing diversity of parties.

The Court is unpersuaded by Plaintiff's other arguments supporting remand. Plaintiff argues that, because there are other insurance cases now pending in state court concerning recovery of pandemic-related losses under business interruption policies, the Court should remand the case to state court under a laundry list of prudential considerations and abstention doctrines. Crucially, as Defendant points out, although they may involve the same lawyers, these other pandemic-related insurance cases do not involve the same parties and issues as this litigation. Dkt. 29, at 18-19. Consequently, the Court has no concern that its exercise of jurisdiction here will interfere with any parallel state proceedings, and it concludes without detailed analysis that none of the doctrines raised by Plaintiff favor remand. *See Herrera v. City of Palmdale,* 918 F.3d 1037, 1043 (9th Cir. 2019) (citing *Younger v. Harris,* 401 U.S. 37, 43 (1971)) ("*Younger* abstention is grounded in a 'longstanding public policy against federal court interference with state court proceedings.' "); *Seneca Ins. Co., Inc. v. Strange Land, Inc.,* 862 F.3d 835, 841 (9th Cir. 2017) ("*Colorado River* and its progeny provide a multi-pronged test for determining whether 'exceptional circumstances' exist warranting federal abstention from *concurrent federal and state proceedings.*")

(italics added); Gov. *Emps. Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998) (citation omitted) ("If there are *parallel state proceedings* involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court.") (italics added).

Because Defendant has met its burden to show that removal was proper, the Court denies Plaintiff's motion to remand the case to state court.

## IV. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint

### a. *Legal Standard*

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal,* 556 U.S. at 678).

**\*4** In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.,* 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

### b. *Analysis*

Defendant's motion to dismiss makes three arguments: 1) the Policy's virus exclusion clause precludes recovery under the Policy, 2) Plaintiff fails to allege that public health restrictions prohibited access to Plaintiff's restaurant as required for Civil Authority coverage, and 3) Plaintiff does not plausibly allege that it suffered "direct physical loss of or damage to property" as required for Business Income and Extra Expense coverage. *See generally* Dkt. 27. Without reaching the first two arguments, the Court agrees with Defendant's third argument as to Business Income and Extra Expense coverage. The Court also concludes that Defendant's argument regarding the limited scope of the phrase, "direct physical loss of or damage to property," demonstrates that the FAC fails to properly allege entitlement to recovery under the Civil Authority provision.

Although "[a]s a general rule, a district court may not consider any material beyond the pleadings in ruling on a [Rule 12(b)(6)](#) motion," a court can consider extrinsic material when its "authenticity ... is not contested and the plaintiff's complaint necessarily relies on them." [*Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)](#) (citation and quotation marks omitted). Plaintiff does not contest the authenticity of the insurance policy attached to Defendant's memorandum. *See generally* Dkt. 33. Because Plaintiff seeks to recover under the Policy, *see generally* Dkt. 22, the FAC necessarily relies on the Policy. Therefore, the Court will consider the language contained directly in the Policy in resolving this motion. *See* [*Khoury Investments Inc. v. Nationwide Mutual Ins. Co.*, 2013 WL 12140449, at *2 (C.D. Cal. 2013)](#) (citing [*United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011)](#)) ("Because Plaintiffs refer to this insurance policy in their FAC and their claim for breach of contract relies on the terms of the policy ..., this document would likely be appropriate for judicial notice as 'unattached evidence on which the complaint necessarily relies.' ").

### i. Business Interruption and Extra Expense Coverage

"When interpreting a policy provision, we must give terms their ordinary and popular usage, unless used by the parties in a technical sense or a special meaning is given to them by usage." [*Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999)](#) (citation and quotation marks omitted). The Business Interruption and Extra Expense provision at issue here conditions recovery on "direct physical loss of or damage to property." Dkt. 27-2, Ex. 1., at 108-09.

Under California law, losses from inability to use property do not amount to "direct physical loss of or damage to property" within the ordinary and popular meaning of that phrase. Physical loss or damage occurs only when property undergoes a "distinct, demonstrable, physical alteration." [*MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 766, 779 (2010)](#) (citation and quotation marks omitted). "Detrimental economic impact" does not suffice. *Id.* (citation and quotation marks omitted); *see also* [*Doyle v. Fireman's Fund Ins. Co.*, 21 Cal. App. 5th 33, 39 (2018)](#) ("[D]iminution in value is not a covered peril, it is a measure of loss" in property insurance).

**\*5** An insured cannot recover by attempting to artfully plead temporary impairment to economically valuable use of property as physical loss or damage. For example, in *MRI Healthcare Ctr.*, the court held that lost use of an MRI machine after it was powered off did not qualify as a "direct physical loss." 187 Cal. App. 4th at 789. Likewise, in [*Ward General Ins. Servs., Inc. v. Employers Fire Ins. Co.*, 114 Cal. App. 4th 548 (2003)](#), the court held that a loss of valuable electronic data did not qualify as "direct physical loss or damage" without any physical alteration to the storage media. [114 Cal. App. 4th at 555-56](#). Finally, in *Doyle*, the court held that purchasing counterfeit wine did not count as a loss to the wine covered by a property insurance policy without a physical alteration. [21 Cal. App. 5th at 38-39](#).

Plaintiff's FAC attempts to make precisely this substitution of temporary impaired use or diminished value for physical loss or damage in seeking Business Income and Extra Expense coverage. Plaintiff only plausibly alleges that in-person dining restrictions interfered with the use or value of its property – not that the restrictions caused direct physical loss or damage.

Plaintiff characterizes in-person dining restrictions as "labeling of the insured property as non-essential." Dkt. 22, at 5. That "labeling" surely carries significant social, economic, and legal consequences. But it does not physically alter any of Plaintiff's property.

Plaintiff attempts to circumvent the plain language of the Policy by emphasizing its disjunctive phrasing – "direct physical loss of *or* damage to property," Dkt. 27-2, Ex. 1, at 121 – and insisting that "loss," unlike "damage," encompasses temporary impaired use. To support this

argument, Plaintiff relies on *Total Intermodal Servs. Inc. v. Travelers Prop. Cas. Co. of Am.*, 2018 WL 3829767 (C.D. Cal. 2018). In *Total Intermodal*, the court concluded that giving separate effect to "loss" and "damage" in the phrase, "direct physical loss or damage," required recognizing coverage for "the permanent dispossession of something." *Id.* at *4.

Even if the Policy covers "permanent dispossession" in addition to physical alteration, that does not benefit Plaintiff here. Plaintiff's FAC does not allege that it was permanently dispossessed of any insured property. *See generally* Dkt. 22. As far as the FAC reveals, while public health restrictions kept the restaurant's "large groups" and "happy-hour goers" at home instead of in the dining room or at the bar, Plaintiff remained in possession of its dining room, bar, flatware, and all of the accoutrements of its "elegantly sophisticated surrounding." *Id.* at 3.

The Court therefore concludes that Plaintiff has not alleged facts plausibly demonstrating its entitlement to recover under the Policy's Business Income and Extra Expense coverage.

### ii. Civil Authority Coverage

For similar reasons, the Court finds that the facts alleged in the FAC do not support recovery under the Policy's Civil Authority coverage. The Civil Authority coverage kicks in when the insured incurs loss of business income and extra expenses as a result of civil authority action. Dkt. 27-2, Ex. 1, at 121. "The civil authority action must be due to direct physical loss of or damage to property at locations, other than described premises, that are within 100 miles of the described premises, caused by or resulting from a Covered Cause of Loss." *Id.* Plaintiff's FAC points generally to the physical action of the coronavirus, which "infects and stays on surfaces of objects or materials ... for up to twenty-eight days." Dkt. 22, at 4. However, Plaintiff does not allege actual cases of "direct physical loss of or damage to property" at other locations. At most, the FAC points to a mere possibility.

**\*6** Plaintiff attempts to plead around the Policy's virus exclusion with vague, circuitous, and – at this stage – fatally conclusory allegations. The FAC describes public health restrictions as "based on ... evidence of physical damage to property." *Id.* After describing the statewide order, it asserts without any relevant detail that "the property that is damaged is in the immediate area of the Insured Property." However,

the FAC does not describe particular property damage or articulate any facts connecting the alleged property damage to restrictions on in-person dining. These allegations do no more than paraphrase the language of the Policy without specifying facts that could support recovery under the Policy. These allegations are thus "conclusory allegations of law" that plainly cannot survive a Rule 12(b)(6) challenge. *In re NFL's Sunday Ticket Antitrust Litigation*, 933 F.3d 1136, 1149 (9th Cir. 2019) (citation and quotation marks omitted).

While the Court does not address the scope of the Policy's virus exclusion or consider any issues of causation, the Court notes its skepticism that Plaintiff can evade application of the Policy's virus exclusion. Plaintiff's theory of liability appears to inevitably rest on a potentially implausible allegation that in-person dining restrictions are not attributable to "any virus," a cause which the Policy expressly excludes. Dkt. 27-2, at 247. Nevertheless, Plaintiff asserts that it is "is not attempting to recover any losses from COVID-19 or its proliferation." Dkt. 33, at 4. Plaintiff's FAC does not articulate a theory of Civil Authority coverage clearly enough to allow the Court to adjudicate at this stage whether and how the Policy's virus exclusion applies.

For the foregoing reasons, the Court concludes that the FAC fails to plausibly allege entitlement to Civil Authority coverage.

### iii. Breach of Contract and Bad Faith Claims

Because it is not entitled to coverage under the Policy, Plaintiff cannot state a claim for breach of contract, *See 1231 Euclid Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 135 Cal. App. 4th 1008, 1020-21 (2006) ("The failure of [a policy's] conditions precedent is a complete defense to [an insured's] breach of contract claim."), or bad faith, *See Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990) ("Where benefits are withheld for proper cause, there is no breach of the implied covenant.").

### iv. UCL Claim

Likewise, Plaintiff's UCL claim is based on an allegation that the Policy represents that Plaintiff would be covered under these circumstances. Dkt. 22, at 10-11. The Court has concluded that Plaintiff was not entitled to recover under the

Policy on the facts alleged in the FAC. That determination is based on an interpretation of the "ordinary and popular sense" of the Policy language. *Palmer*, 21 Cal. 4th at 1115. If the ordinary and popular sense of the Policy language does not support recovery on these facts, Plaintiff cannot plausibly allege that the Policy constitutes fraudulent, unfair, or unlawful conduct giving rise to UCL liability. *See Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (citing *Cel-Tech Comms., Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 182 (1999)) ("[T]he breadth of [the UCL] does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as one for unfair competition."). Therefore, the Court also dismisses Plaintiff's UCL claim.

### V. Conclusion

For the reasons articulated above, the Court DENIES Plaintiff's motion to remand the case to state court and GRANTS Defendant's motion to dismiss the FAC. The Court will allow Plaintiff leave to amend its complaint within 14 days of the issuance of this Amended Order.

**All Citations**

Slip Copy, 2020 WL 5359653

---

End of Document © 2020 Thomson Reuters. No claim to original U.S. Government Works.